## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Larry Norton,                                        Civil No. 20-1530 (DWF/TNL)

        Plaintiff,

v.                                                   **MEMORANDUM**
                                                     **OPINION AND ORDER**
ISD 197, Ron Monson and
Melinda Weis,

        Defendants.

---

Nixon Ayeni, Esq., Law Office of Nixon Ayeni, counsel for Plaintiff.

Marcus Brewer Jardine, Esq., and Michael J. Waldspurger, Esq., Rupp, Anderson, Squires, & Waldspurger, counsel for Defendants.

---

### INTRODUCTION

This matter is before the Court on Defendants ISD 197 (the "District"), Ron Monson ("Monson") and Melinda Weis's ("Weis") (collectively "Defendants") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(c), or in the alternative, for summary judgment. (Doc. No. 26 ("Motion").) Plaintiff Larry Norton ("Norton") opposes the Motion. (Doc. No. 36 ("Pl. Opp.")) For the reasons set forth below, the Court grants Defendants' Motion.[1]

---

[1]     The Court grants Defendants' Motion pursuant to Fed. R. Civ. P. 12(c).

# BACKGROUND

The District hired Norton in February 2018 school.[2]  (Doc. No. 3 ("Compl.")

¶ 11.)  Monson was the principal and Weis was an employee at the school where Norton

worked.[3]  (*Id.* ¶¶ 11, 17.)  On July 10, 2020, Norton filed a Complaint against Defendants

alleging employment discrimination based on his age, race, and disability.[4]  (*Id.* ¶ 9.)

In Count I, Norton alleges that "a Defendant" violated the ADEA.[5]  (*Id.* ¶¶ 10-14

("Count I").)  Count I includes five supporting paragraphs numbered 10-14.  (*See id.*)

Paragraph 10 is the only one that references Norton's age:

> Plaintiff was an older employee with some medical complications that was
> made known to the school and the school could have been able to
> accommodate Plaintiff but chose to make employment a hostile Civil
> Rights Act of 1866 (Section 1981) et seq. ADEA) (9 USC 621) et seq.

(Compl. ¶ 10 (errors in original).)  In paragraph 11, Norton alleges that he informed

Defendant Monson that he was "having difficulties in doing the job after [he] got out of

---

[2]     The Complaint does not indicate what Norton's job was.  In his opposition to
Defendants' Motion, Norton states that he was employed as a paraprofessional.  (Pl. Opp.
at 5.)

[3]     In his opposition to Defendants' Motion, Norton clarifies that Weiss was a teacher.
(*Id.*)

[4]     Specifically, Counts I-III allege that Defendants violated the Age Discrimination
in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq.*, Title VII
of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*,
and the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C.
§§ 12101, *et seq.*  (Compl. ¶¶ 3, 10-23 ("Federal Claims").)

        Counts IV-VII allege state law claims.  (*Id.* ¶¶ 24-41.)  As discussed below, the
Court declines to exercise jurisdiction over these claims.

[5]     Norton does not specify which Defendant violated the ADEA.

the hospital," and that "it was in March 2018 when [Norton] again spoke to the Principal [Monson] about [his] disabilities and requested for reasonable job adjustment to enable [Norton] to do his job."[6]  (*Id.* ¶ 11.)  Paragraph 11 concludes by alleging that Norton "was never given the accommodation but was instead dismissed in June 2018."  (*Id.*)

Paragraph 12 then asserts that "[t]he defendant" violated the ADEA and recites law related to age discrimination.  (*Id.* ¶ 12.)  Paragraphs 13 and 14 both recite law related to Title VI of the Civil Rights Act.[7]  (*See id.* ¶¶ 13-14.)

In Count II, Norton alleges that the District and Monson terminated his employment based on race and disability.  (*Id.* ¶¶ 15-18 ("Count II").)  Count II includes four supporting paragraphs numbered 15-18.  Paragraph 15 incorporates all other paragraphs in the Complaint.  (*Id.* ¶ 15.)  Paragraph 16 asserts that Norton was discharged in violation of the ADEA and the Minnesota Human Rights Act.  (*Id.* ¶ 16.)  Paragraph 17 states:

> That Plaintiff was constantly harassed by another employee of 197 a female staff MS. MELINDA WEISS (employee with the abbreviation of M W) that used denigrating language in addressing employees of color.  she was never address for her actions and she felt been a teacher gave her the right to denigrate employees of color.  This was made tacitly clear to employees of color that the school was not going to do anything to rein her in.  She felt she was the boss of the non-administrative staff a title she was not officially given or announced to the non-administrative staff that she wielded.

(*Id.* ¶ 17 (errors in original).)  Paragraph 18 continues:

---

[6]     The nature of Norton's disability and his requested accommodation are unclear from his Complaint or brief.

[7]     It could be that Norton meant to cite Title VII of the Civil Rights Act; however, it is unclear how doing so would support his ADEA claim.

> That as an employee of 197 School District, Plaintiff Larry Norton was subjected to intolerable and hostile toxic working conditions. When Plaintiff mentioned his concern as to how he was been treated by employee of ISD 197 (Ms. MW) his supervisor, for sake of protecting his name is abbreviated as (Mr. M M) this supervisor stated "there are some employees who can say and do whatever they please around here." Which shows the hopelessness that the employees have decided to endure for the sake of earning income for their family.

(*Id.* ¶ 18 (errors in original).)

In Count III, Norton alleges that the District and Monson terminated him "in violation of ADA Section 504 of the Rehabilitation Act of 1973." (Compl. ¶¶ 19-23.) Count III includes five supporting paragraphs numbered 19-23. (*Id.*) Paragraph 19 incorporates all other paragraphs in the Complaint. (*Id.* ¶ 19.) Paragraph 20 asserts that "Plaintiff was an employee at the time of termination and after disclosing medical ailment and employer had due notice of the plaintiff disability he was subsequently dismissed." (*Id.* ¶ 20 (errors in original).) Paragraph 21 alleges that Norton was "discriminated against 29 U.S.C. § 60-741.20[8] Section 503[9] of the State of MN." (*Id.* ¶ 21 (errors in original).) Paragraph 22 states that "after the disclosure to the Management team Plaintiff was not given required accommodation to fulfil his job" and

---

[8]     This statute addresses affirmative action and nondiscrimination obligations of federal contractors and subcontractors. No Defendant is a federal contractor or subcontractor.

[9]     This statute does not exist; however, Norton later cites MN Stat. § 363A.08, which prohibits employment discrimination based on race, color, creed, religion, national origin, sex, marital status, status with regard to public assistance, familial status, membership or activity in a local commission, disability, sexual orientation, or age. (*See* Compl. ¶ 21; *see also* MN Stat. § 363A.08.)

that "the accommodation would not have caused the School District any additional cost to implement." (*Id.* ¶ 22.) Finally, Paragraph 23 alleges that "[w]hen Plaintiff was under medical treatment and the employer knew of his medical condition and ailment and would have been able to perform the task given with minimal accommodation." (*Id* ¶ 23. (errors in original).)

The Complaint also alleges that prior to filing the instant lawsuit, Norton filed a charge of discrimination with the Employment Opportunity Commission ("EEOC") and received a right-to-sue letter ("Letter"). (*Id.* ¶ 7(a).) The Letter is not attached to the Complaint; however, Norton asserts that he received the Letter on or about March 20, 2018. (Pl. Opp. at 5, 11.)

## DISCUSSION

A party may move for judgment on the pleadings at any point after the close of the pleadings, so long as it moves early enough to avoid a delay of trial. Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law[.]" *See Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)). The Court evaluates a motion for judgment on the pleadings under the same standard as a motion brought under Federal Rule of Civil Procedure 12(b)(6). *See id.*

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th

5

Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.  As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

On a Rule 12(c) motion for judgment on the pleadings, the court must convert the motion to a Rule 56 motion for summary judgment if the Court considers "matters outside the pleadings." Fed. R. Civ. P 12(d).  However, a court deciding a motion for judgment on the pleadings may properly consider the pleadings, certain matters of public record, and "materials that are 'necessarily embraced by the pleadings.'" *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citation omitted).  Here, conversion to summary judgment is unnecessary.

Defendants argue that Norton's Complaint must be dismissed because his Federal Claims are time barred and because he fails to state a claim to relief that is plausible on

its face.[10]  (Doc. No. 28  ("Def. Memo.") at 11-20; Doc. No. 37 ("Reply") 7-15.)  Norton disputes that his Federal Claims are time barred and asserts that his Complaint is not subject to the pleading standards set forth in *Twombly* and *Ashcroft.*  (Pl. Opp. at 3-4, 10-12.)

### A.    Federal Claims

To sue under the ADEA, Title VII, or the ADA, a plaintiff must commence an action within 90 calendar days after receiving a right-to-sue letter from the EEOC or the state agency handling the charge.[11]  *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); 29 C.F.R. § 1626.18(c); *see also Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989).  Here, Norton concedes that he received the Letter on or about March 20, 2020.  Norton did not file his Complaint until July 7, 2020, nearly three weeks too late.  Therefore, the Court dismisses with prejudice Norton's Federal Claims as time barred.[12]

---

[10]    Defendants also argue that Norton's Complaint must be dismissed because he has yet to properly serve the Complaint on the District nearly one year after filing it.  (*See* Def. Memo. at 11; *see also* Reply at 2-5.)  The Court need not address this argument because it dismisses the Complaint on other grounds.

[11]    While equitable tolling may apply under circumstances truly beyond a plaintiff's control, Norton does not make that argument, nor is there any indication that he is not subject to the 90-day rule.  *Hill*, 869 F.2d at 1124.

[12]    The parties dispute whether Norton exhausted his administrative remedies on his ADEA claim.  (*See* Def. Memo. at 5-6; *see also* Pl. Opp. at 10.)  The Court observes that the claim fails no matter what because it is now too late to file an administrative charge, and even if he already properly alleged age-discrimination with the EEOC as he claims, he missed the 90-day limit to file his Complaint.

Even if Norton's Federal Claims were not time barred, the Court would dismiss

them because they contain insufficient factual allegations to "raise a right to relief above

the speculative level." *Ashcroft*, 556 U.S. at 678.  Even when construed generously, the

Court finds that Norton's allegations do not contain "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While Norton argues that the pleading standards set-forth in *Twombly* and *Ashcroft* apply

only to "complex" cases that have a "heightened pleading standard," the Court

respectfully disagrees.  (Pl. Opp. at 3, 11.)

Specifically, the Court finds that Norton fails to plead basic factual support to

create an inference of discrimination on any of his Federal Claims.[13]  For example, to

establish a *prima facie* case of age discrimination,  Norton must show:  (1) he is over 40

years of age; (2) he was qualified for his position; (3) he suffered an adverse employment

action; and (4) a causal connection between his age and the adverse employment action,

including evidence showing that substantially younger, similarly situated employees were

treated more favorably.  *See Faulkner v. Douglas Cty. Nebraska*, 906 F.3d 728, 734 (8th

Cir. 2018).  Norton's Complaint contains only vague references to his age, does not assert

how he was qualified for his position, or even what his position was, and presents no

factual basis for a causal connection between his age and termination.

---

[13]    Because Norton does not allege direct evidence of discrimination, he must present plausible circumstantial evidence to support an inference of discrimination. *See, e.g.*, *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004) (Title VII); *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 470 (2011) (ADEA); *Evance v. Trumann Health Servs., LLC*, 719 F.3d 673, 677 (8th Cir. 2013) (ADA).

Similarly, to establish a *prima facie* case of Title VII race discrimination, Norton must show that: (1) he is a member of a protected class, (2) he was meeting the District's legitimate job expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees outside the protected class were treated differently. *Martinez v. W.W. Grainger, Inc.*, 664 F.3d 225, 230 (8th Cir. 2011). Again, the Court finds that Norton's Complaint only vaguely references his race but does not clearly establish that he is a member of a protected class, does not provide any factual support that Norton was meeting the District's legitimate job expectations, or describe in any way how similarly situated employees outside of the protected class were treated differently than him.[14]

Finally, to establish a *prima facie* case of disability discrimination, Norton must show that: (1) he was disabled; (2) he was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (3) he suffered an adverse employment action as a result of the disability (or under circumstances from which an inference of unlawful discrimination arises).[15] *See Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012). Norton does not state how he was disabled, provide any indication that he was qualified to perform his job, or even what the job was,

---

[14] Norton's allegations relate largely to "denigrating language" directed at employees of color. (Compl. ¶ 17.) Norton does not allege what the language was, whether it was directed at him, or how it was linked to his termination.

[15] It is unclear from his Complaint whether Norton's ADA claim is for disability discrimination or failure to accommodate. The Court finds that Norton's factual allegations are insufficient to support either theory.

or provide sufficient factual information to support a causal connection between the District's knowledge of his alleged disability and his termination.[16]

In short, the Court finds that Norton has failed to plead sufficient facts to support an inference of wrongdoing with respect to any of his Federal Claims. Even when construed generously, his allegations are conclusory at best, often missing key elements of his claims. Bare legal conclusions without factual support are not sufficient to state a claim. *Iqbal*, 556 U.S. at 681. Therefore, even if the Federal Claims were not time barred, the Court would dismiss them for this additional reason.[17]

### B.      State-Law Claims

A federal district court has discretion to decline jurisdiction if it has "dismissed all claims over which it has original jurisdiction." *Barstad v. Murray Cty.*, 420 F.3d 880, 888 (8th Cir. 2005) (citing 28 U.S.C. § 1367(c)(3)); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (holding that a district court maintains discretion to either remand the state law claims or keep them in federal court). Typically, when federal claims are eliminated prior to trial, "the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity— will point toward declining to exercise jurisdiction over the remaining state-law claims."

---

[16]      Even if Norton was terminated three months after notifying the District about his medical condition, temporal proximity alone cannot support a causal link. *E.E.O.C. v. Prod. Fabricators, Inc.,* 763 F.3d 963, 973 (8th Cir. 2014).

[17]      The Court also notes that any attempt to amend the largely incoherent and factually insufficient Federal Claims would be futile. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

*Id.* (quoting *Carnegie–Mellon Univ.*, 484 U.S. at 350 n. 7).  When declining to exercise supplemental jurisdiction under § 1367(c), the court can decide to dismiss the remaining claims without prejudice or to remand those claims to state court.  *St. John v. Int'l Ass'n of Machinists and Aerospace Workers*, 139 F.3d 1214, 1217 (8th Cir. 1998); *see also Lindsey*, 306 F.3d at 599.

Here, the Court declines to exercise supplemental jurisdiction over Norton's state-law claims.  Moreover, because Norton's state law claims suffer from the same pleading deficiencies as his Federal Claims, the Court dismisses them without prejudice.

## CONCLUSION

The Court finds that Defendants are entitled to judgment on the pleadings because Norton's Federal Claims are time barred and because they contain insufficient factual allegations to support an inference of wrongdoing.  The Court also declines to exercise supplemental jurisdiction over Norton's state-law claims.

## ORDER

Based on the files, record, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1.    Defendants' Motion to Dismiss (Doc. No. [26]) is **GRANTED**.

2.    Plaintiff's Complaint (Doc. No. [3]) is **DISMISSED** as follows:

a.    Plaintiff's federal claims, Counts I, II, and III are **DISMISSED WITH PREJUDICE**.

b.    Plaintiff's state-law claims, Counts IV, V, VI. And VII are **DISMISSED WITHOUT PREJUDICE**.

11

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May19, 2021                    s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge